UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
KEELIN A. CURRAN, *et al.*,           )   No. C09-1227JCC
                                      )
                    Plaintiffs,       )
          v.                          )   ORDER
                                      )
ADIL LAHRICHI,                        )
                                      )
                    Defendant.        )
_____ )

This matter comes before the Court under Local General Rule 8(c). Defendant has filed a "Motion to Disqualify Judge for Bias and to Transfer Case" in the above-captioned matter. Dkt. # 10. The Honorable John C. Coughenour, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge. Dkt. # 27. Defendant's motion is therefore ripe for review by the undersigned.

Section 455 of title 28 of the United States Code governs the disqualification of judges. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending or a related case: the alleged bias must result from an extrajudicial source. Liteky v. United States, 510 U.S. 540, 554-55 (1994); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

In 2004, defendant filed a discrimination case that was assigned to Judge Coughenour for resolution. Defendant raised no allegations of bias or prejudice at the time, presumably because there was no extrajudicial source of bias (such as a financial or familial relationship between the presiding judicial officer and one of the parties). The fact that defendant filed his motion to recuse only after Judge Coughenour ruled against him in the discrimination case strongly suggests that the motion is based solely on the judge's decisions. Where the decision of the court is prompted by information that the judge received in the context of the performance of his duties, however, the mere fact that a judge has issued an adverse ruling almost never establishes bias or prejudice. See Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) ("In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases.") (internal quotation marks omitted).

In order to overcome the presumption of judicial integrity, defendant would have to show that facts outside the record drove the court's decision or that the decision was so irrational that it must be the result of prejudice. Defendant argues that Judge Coughenour's involvement in C04-2124JCC will unduly influence his decision-making in the pending matter. The issue currently before Judge Coughenour is whether defendant can raise a collateral challenge in state court to Judge Coughenour's confidentiality rulings in C04-2124JCC. Although the new litigation may raise questions regarding the merits of the underlying confidentiality rulings, district judges often hear argument regarding the propriety of their earlier decisions (such as on remand from the Court of Appeals or in the context of a motion for

reconsideration or motion for new trial).  These related issues are not an extrajudicial source of bias for purposes of § 144 or § 455.

        Defendant relies primarily on Judge Coughenour's rulings and actions in the employment discrimination case to demonstrate partiality.  Dkt. # 10 at 5; Dkt. # 30 at 4.  Although defendant provides numerous examples of case management and substantive rulings with which he disagrees, he rarely provides record citations so that the undersigned can review the alleged "error," and he ultimately fails to raise even an inference of prejudice.  For example, defendant argues that Judge Coughenour "imposed unjust sanctions without a hearing" on defendant, but "closed his eyes on Plaintiffs' misconduct as well as their violations of ethic rules and rules of professional conduct."  Dkt. # 30 at 4.  <u>See</u> <u>also</u> Dkt. # 10 at 2-3; Dkt. # 25 at 3.  Plaintiff's misconduct cannot be ascertained based on the record citations provided.  With regards to the unjustified sanctions, defendant cites to an order resolving a motion for sanctions against Mr. Lahrichi in which Judge Coughenour summarized prior discovery rulings, found that Mr. Lahrichi failed to comply with those rulings based on legally untenable grounds, and ordered additional production and the payment of costs.  C04-2124JCC, Dkt. # 126.  There is no reason to suspect that the ruling was based on anything other than the merits of the motion before the court:  defendant had construed the prior discovery orders in an unreasonably narrow way, had deprived his adversaries of necessary information, and had forced them to seek judicial intervention.  Judge Coughenour's order reflects the reasonable resolution of the issues before him based on the documents provided and his knowledge of the case.  The same is true of the other examples cited by defendant.  While defendant clearly disagrees with Judge Coughenour's decisions, he has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias.[1]

---

[1] Defendant's assertion that Judge Coughenour was reversed by the Ninth Circuit is incorrect.  Judge Coughenour refused to consider defendant's motion to retax costs in C04-2124JCC because the case was already on appeal before the Ninth Circuit.  Unless and until the Ninth Circuit gave the district court an opportunity to rule on the issue, such refusal was proper.  Nothing the Ninth Circuit has said or done suggests otherwise.  Even if the Ninth Circuit ultimately overturns one or more of Judge

ORDER        -3-

Finally, defendant argues that Judge Coughenour should recuse himself because he may be a fact witness in the state court proceeding and/or may be liable under defendant's theories of invasion of privacy and defamation. Judge Coughenour is not a defendant in the state court action, and it is difficult to imagine how he could be called as a witness in either the state or federal proceedings. To the extent that defendant is attempting to draw Judge Coughenour into the collateral litigation in order to create the appearance of bias, he cannot be permitted to succeed. A judge is not automatically disqualified under either § 455 or § 144 merely because a litigant sues or threatens to sue him or hurls intemperate or scurrilous attacks at the judge. Studley, 783 F.2d at 939-40; United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). Any other rule would allow litigants to obtain a new judge simply by generating a "conflict" once they determine that the presiding officer disagrees with their view of the facts or law.

Having reviewed defendant's motion and the remainder of the record, the Court finds that Judge Coughenour's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, defendant's motion for recusal is DENIED.

Dated this 27th day of October, 2009.

Robert S. Lasnik
Chief Judge, United States District Court

---

Coughenour's decisions in the discrimination case, judicial perfection is neither required nor expected. As long as the judge's rulings (1) are based on the evidence presented during the course of the litigation and (2) are not so outlandish as to raise an inference of prejudice, even actual error will not justify recusal.

ORDER                    -4-